UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Flava Works, Inc.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:12-cv-01885** |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Frank Rossi,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF, FLAVA WORKS, INC.'S, RESPONSE TO
DEFENDANT'S AMENDED MOTION TO DISMISS**

Now comes Plaintiff, Flava Works, Inc. (hereinafter "Flava Works"), by and

through its attorneys, Meanith Huon and The Huon Law Firm, and states as follows:

**ARGUMENT**

**A. THE SEVENTH CIRCUIT HAS HELD THAT FORUM SELECTION
CLAUSES ARE ENFORCEABLE AND DEFENDANT CONTRACTUALLY
AGREED TO SUBMIT TO THE JURISDICTION OF ILLINOIS.**

The Seventh Circuit has held that forum selection clauses are valid and enforceable

and that a defendant can contractually waive the issue of personal jurisdiction:

> If the issue of the validity of the forum selection clause is governed by federal law,
> Aliano hasn't a chance. The attitude of this circuit toward the validity issue was
> made clear in Northwestern National Ins. Co. v. Donovan, supra, where, citing the
> Supreme Court's decision in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92
> S. Ct. 1907, 32 L. Ed. 2d 513 (1972), and an earlier decision by this court, we said
> that "those decisions bury the outmoded judicial hostility to forum selection
> clauses. They make clear that since a defendant is deemed to waive (that is, he
> forfeits) objections to personal jurisdiction or venue simply by not making them in
> timely fashion, a potential defendant can waive such objections in advance of suit
> by signing a forum selection clause. IFC Credit Corp. v. Aliano Bros. Gen. Contrs.,
> Inc., 437 F.3d 606, 609-610 (7th Cir. Ill. 2006)

The forum selection clause in IFC Credit Corp. stated as follows:

This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option. You hereby waive right to a trial by jury in any lawsuit in any way relating to this rental.  IFC Credit Corp. v. Aliano Bros. Gen. Contrs., Inc., 437 F.3d 606, 607 (7th Cir. Ill. 2006).

The Seventh Circuit in IFC Credit Corp. cited to the U.S. Supreme Court's decision in Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991), in which the forum selection clause consisted of boilerplate language that appeared on the passenger tickets issued by a cruise line.  The U.S. Supreme Court there held that the forum selection clause stating that all lawsuits must be brought in Florida was valid.

The Seventh Circuit in TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 589 (7th Cir. Ill. 2005), also held that  "personal jurisdiction is waivable and that parties can, through forum selection clauses and the like, easily contract around any rule we promulgate." There,  an individual  signed a personal guaranty agreement stating that "this guaranty is made under the laws of the State of Illinois and shall be controlled by and interpreted according to the laws of said state. If suit becomes necessary [plaintiff] authorized to file suit against [defendant] in any court of competent jurisdiction in the State of Illinois." Defendant had argued that there is no "court of competent jurisdiction" in Illinois because she did not have sufficient minimum contacts with the state.   The Seventh Circuit found this argument to be meritless, because defendant had signed a valid forum selection clause, and "obviously, a valid forum-selection clause, even standing alone, can confer personal jurisdiction." Defendant was deemed to have waived her objection to personal jurisdiction. TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 589 (7th Cir. Ill. 2005).

In <u>Northwestern Nat'l Ins. Co. v. Donovan</u>, 916 F.2d 372 (7th Cir. Wis. 1990), the Seventh Circuit held that a contractual term stating that "In the event of litigation or arbitration, the undersigned consents to suit, at Northwestern's option, in Milwaukee County" was enforceable to waive personal jurisdiction, even if the language was contained in " shortest of only six paragraphs, occupying less than a full page of a two-page contract". <u>Northwestern Nat'l Ins. Co. v. Donovan</u>, 916 F.2d 372, 377 (7th Cir. Wis. 1990)

In the case at hand, Defendant, Frank Rossi, contractually agreed to the terms and conditions of his Flava Works, Inc.'s paid membership subscription and to submit himself to the jurisdiction of the Illinois or Florida courts:

> 11.1. This Agreement has been made in and shall be construed and enforced in accordance with either Illinois or Florida law without regard to any conflict of law provisions. You agree that any action to enforce this Agreement shall be brought in the federal or state courts located in Chicago, Illinois or Miami, Florida and you hereby consent to the personal jurisdiction and venue of the courts located in Cook County, Florida or Miami-Dade County, Florida. Exhibit "A".

On information and belief, Defendant, Frank Rossi, is a Harvard-educated and experienced attorney, who would have a basic understanding of contract law. Exhibit "B". Thus, he has waived his objection to personal jurisdiction.

Mr. Rossi joined as a paid member of Flava Works, Inc.'s websites PapiCock.com (from 2007 to 2010) and CocoDorm.com (in 2006 and in 2007), paying a monthly membership fees. Group Exhibit "C" (previously marked as Exhibit "B" to the First Amended Complaint). He was a paid member of Flava Works, Inc.'s site(s) for several years. Before being permitted to Mr. Rossi to join Flava Works, Inc.'s website(s), he would have been required to agree to its terms and conditions. He joined two sites--PapiCock.com and CocoDorm.com—two times for each site and would have been required

to agree on at least four occasions or more to Flava Works, Inc.'s terms and conditions. He would have been required to agree to the terms at least once a year for the site for which he remained a member. Exhibits "D" and "E". Defendant would not have been able to access to member sites unless he had agreed to the terms and conditions of Flava Works, Inc. by clicking on "I Agree". See Affidavit of Phillip Bleicher. Exhibit "F". Defendant was a member of Flava Works, Inc.'s website, Papicock.com, for several years.

### B. INJURY FROM INFRINGEMENT OF COPYRIGHT OCCURS WHERE THE PLAINTIFF IS LOCATED.

In alternative, Flava Works, Inc. will argue that the Court has personal jurisdiction over the Defendant. Defendant misstates the test for personal jurisdiction. The Seventh Circuit has set forth an analysis for determining whether personal jurisdiction lies under the Illinois Long-Arm Statute:

> [T]he requisite analysis consists of three questions: (1) whether the defendant engage in one of the jurisdictional acts enumerated in the statute . . . ; (2) whether the cause of action is one "arising from" the jurisdictional act; and (3) whether the exercise of long-arm jurisdiction is consistent with due process as defined by prevailing constitutional standards.

John Walker & Sons, 821 F.2d 399, 402 (7th Cir. 1987); Brode v. Tax Management, Inc., 1989 U.S. Dist. LEXIS 2570 (N.D. Ill. Mar. 15, 1989).

The Illinois long arm statute provides in relevant part: (a) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, . . . to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:

(2) The commission of a tortious act within this state [.]

Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Industries, Ltd., 767 F. Supp. 181,

183 (N.D. Ill. 1991).

A cause of action for copyright infringement sounds in tort. Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Industries, Ltd., 767 F. Supp. 181, 183 (N.D. Ill. 1991). An infringement of a plaintiff's intellectual property right, which right is by definition intangible, must, by definition occur "where the owner suffers the damage", i.e. where the owner is located. Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Industries, Ltd., 767 F. Supp. 181, 183 (N.D. Ill. 1991). In discussing the Illinois long arm statute, the Seventh Circuit held that under Illinois law, it is now well settled that the term "tortious act" inevitably includes the concept of injury, the situs of the tort is the place where the injury occurs. Honeywell v. Metz Apparatewerke, 509 F.2d 1137, 1142 (7th Cir. Ill. 1975).

Plaintiff, Flava Works, Inc. is incorporated under the laws of the State of Florida with its principal places of business locates at 2610 N. Miami Ave., Miami, Florida 33127 and at 933 W. Irving Park Rd., Ste. C, Chicago, Illinois 60613. Affidavit of Phillip Bleicher. See Exhibits "F" and "H". The videos are filmed in the Florida location. However, post production work and edits are performed in the Illinois location. All of Flava Works, Inc.'s professional staff are located in the Chicago, Illinois offices. Exhibit "F". The web hosting company, Steadfast, that provides hosting services to Flava Works, Inc.'s websites is located in Illinois. Exhibits "F" and "G". The computer servers that host the Flava Works, Inc.'s paid members websites are physically located in Chicago, Illinois. Exhibits "F" and "G". The credit card processing company that processes credit cards that are used in connection with Flava Works, Inc.'s websites is located in Schaumburg, Illinois. Exhibit "I". Flava Works, Inc.'s intellectual property are located in Illinois.

**C.  DEFENDANT REASONABLY SHOULD HAVE ANTICIPATED THAT PLACING COPYRIGHTED VIDEOS INTO THE STREAM OF COMMERCE WOULD CAUSE INJURY TO PLAINTIFF WHO IS LOCATED IN ILLINOIS.**

The Seventh Circuit held in Honeywell v. Metz Apparatewerke that it did not does not offend "traditional notions of fair play and substantial justice" under due process to hold that a foreign defendant had sufficient minimum contacts with Illinois, when that defendant knew that its conduct would infringe on plaintiff's intellectual property. Honeywell v. Metz Apparatewerke, 509 F.2d 1137, 1144 (7th Cir. Ill. 1975). Direct contact with the forum state is not essential to the exercise of personal jurisdiction.  Id. The defendant Metz in Honeywell may not have physically entered the state of Illinois, but it placed its flash devices in the stream of commerce and infringed on plaintiff's patent under such circumstances that it should reasonably have anticipated that injury through infringement would occur there.  Honeywell v. Metz Apparatewerke, 509 F.2d 1137, 1144 (7th Cir. Ill. 1975)

In this case, defendant placed copies of Flava Works, Inc.'s videos into the stream of commerce on the Internet to be freely copied by third parties and reasonably should have anticipated that injury through infringement would occur.  Flava Works, Inc.'s intellectual property are located in Illinois where post production edits and work are performed on the videos and where hosting services are provided to host the Flava Works, Inc.'s websites.  The computer servers that host the Flava Works, Inc.'s paid members websites are physically located in Chicago, Illinois.

**D.  VENUE IS PROPER IN ILLINOIS.**

As Defendant concedes**,** under 28 U.S.C. § 1391, a civil action based on federal-question jurisdiction, such as this action, may be brought only in " (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred or a substantial part

of property that is the subject of the action is situated . . ."  As stated above, an infringement of a

plaintiff's intellectual property right, which right is by definition intangible, must, by definition

occur "where the owner suffers the damage", i.e. where the owner is located.  <u>Store Decor Div.</u>

<u>of Jas Int'l, Inc. v. Stylex Worldwide Industries, Ltd.,</u> 767 F. Supp. 181, 183 (N.D. Ill. 1991).

The situs of the tort is the place where the injury occurs. <u>Honeywell v. Metz Apparatewerke,</u>

509 F.2d 1137, 1142 (7th Cir. Ill. 1975).  Plaintiff's intellectual property are located in Chicago,

Illinois where its post video production edits and work are performed, where its websites are

physically hosted, and where its CEO and professional staff are located.

## E. JUDGE CHANG HELD THAT PLAINTIFF'S THIRD AMENDED COMPLAINT STATED A CLAIM.

Plaintiff seeks leave to file its proposed Third Amended Complaint.  Judge Chang

held that a similar complaint in 11-cv-5100 stated a cause of action.  "J".  A copy of the

proposed Third Amended Complaint with Exhibits will be filed separately, to avoid

confusion with the exhibits attached to this Response.

WHEREFORE, Plaintiff, Flava Works, Inc. requests that this Honorable Court:

(1)     Deny Defendant's Motion to Dismiss;

(2)     Grant Plaintiff leave to file its proposed Third Amended Complaint.

Respectfully submitted,

/s/ Meanith Huon

Meanith Huon
PO Box 441
Chicago, Illinois 60690
Phone: (312) 405-2789
E-mail: huon.meanith@gmail.com
IL ARDC. No.: 6230996

<u>**CERTIFICATE OF SERVICE**</u>

Under penalties of law, I attest the following documents or items have been or are being electronically served on all counsel of record for all parties on or before August 15, 2012.

<u>**PLAINTIFF, FLAVA WORKS, INC.'S, RESPONSE TO DEFENDANT'S AMENDED MOTION TO DISMISS**</u>

Respectfully submitted,
/s/ Meanith Huon
Meanith Huon
PO Box 441
Chicago, Illinois 60690
Phone: (312) 405-2789
E-mail: huon.meanith@gmail.com
IL ARDC. No.: 6230996