**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **FLAVA WORKS, INC.,** | ) | |
| | ) | **Case No. 12-cv-1885** |
| **Plaintiff,** | ) | |
| | ) | **Judge Joan H. Lefkow** |
| **v.** | ) | |
| | ) | |
| **FRANK ROSSI,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Frank Rossi's ("Rossi") motion to dismiss Plaintiff Flava

Works, Inc.'s ("Flava Works") two-count Third Amended Complaint ("complaint"). Flava

Works claims that Rossi violated its rights under the Copyright Act, 17 U.S.C. §§ 101 *et seq*.

Rossi has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule")

12(b)(2) and (3), arguing that the court lacks personal jurisdiction over him, and that venue is

improper.[1] In the Northern District of Illinois, Flava Works has filed at least four other suits,

against various defendants, alleging similar copyright infringement claims. This court

previously addressed personal jurisdiction and venue issues similar to the ones raised in the

instant case in *Flava Works, Inc. v. Rowader*, 12 C 7181, 2012 WL 5845648 (N.D. Ill. Nov. 16,

2012). Much of the following analysis is taken directly from that opinion because the facts and

arguments were similar in both cases.

---

[1] The court denied the portion of Rossi's motion to dismiss pursuant to Rule 12(b)(6) as moot on
September 6, 2012. *See* DKT. [18].

## BACKGROUND

As alleged, Flava Works is an adult entertainment company that produces DVDs, magazines, websites, pictures, streaming videos and various other media. It is incorporated in Florida, and maintains offices in Miami, Florida and Chicago, Illinois. Rossi is an individual living in New York, New York, who joined Flava Works' websites as a paid member. When Rossi joined Flava Works' websites, he agreed to abide by specific terms and conditions included in a User/Subscriber Agreement ("Agreement"). As part of the Agreement, Rossi agreed to refrain from copying or storing any of Flava Works' copyrighted material other than for personal, noncommercial use. He also agreed to abide by Flava Works' copyrights. In Paragraph 11 of the Agreement, Rossi further agreed that any action to enforce the Agreement "shall be brought in the federal or state courts located in Chicago, Illinois or Miami, Florida" and consented to the "personal jurisdiction and venue of the courts located in Cook County, Illinois or Miami-Dade County, Florida."[2]

In the complaint, Flava Works alleges that Rossi infringed its copyrights by uploading its website videos onto an online file-sharing website, which allowed third parties to download

---

[2] Paragraph 11.1 of the User/Subscriber Agreement attached as Exhibit A to the complaint states "Cook County, Illinois." Prior versions of the Agreement stated "Cook County, Florida," which appears to have been a scrivener's error. Plaintiff copied the version of Paragraph 11.1 with the scrivener's into Paragraph 9 of the complaint, which provides,

> This Agreement has been made in and shall be construed and enforced in accordance with either Illinois or Florida law without regard to any conflict of law provisions. You agree that any action to enforce this Agreement shall be brought in the federal or state courts located in Chicago, Illinois or Miami, Florida and you hereby consent to the personal jurisdiction and venue of the courts located in Cook County, Florida [*sic*] or Miami-Dade County, Florida.

(3d Am. Compl. ¶ 9.)

copyrighted videos without Flava Works' permission and in violation of the terms and conditions of membership and the Agreement.

## LEGAL STANDARD

Rule 12(b)(2) allows for dismissal of a claim based on a lack of personal jurisdiction, while Rule 12(b)(3) permits dismissal for improper venue. FED. R. CIV. P. 12(b)(2); FED. R. CIV. P. 12(b)(3). Flava Works bears the burden of establishing personal jurisdiction and venue. *See Tamburo* v. *Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010) (jurisdiction); *Citadel Grp. Ltd.* v. *Wash. Reg. Med. Ctr.*, No. 07 CV 1394, 2008 WL 5423553, at *2 (N.D. Ill. Dec. 29, 2008) (venue). Because Rossi has submitted an affidavit contesting personal jurisdiction, Flava Works must present affirmative evidence supporting the exercise of jurisdiction. *Purdue Research Found.* v. *Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782–83 (7th Cir. 2003). In this instance, the motion can be resolved based on the documentary evidence filed with the complaint.

## ANALYSIS

### I.     Personal Jurisdiction

In copyright cases, venue lies in the district where the defendant resides. 28 U.S.C. § 1400(a). Illinois law applies to determine whether personal jurisdiction exists because the Copyright Act does not provide for nationwide service of process. *See uBid, Inc.* v. *GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010); *Fort Knox Music Inc.* v. *Baptiste*, 203 F.3d 193, 196 (2d Cir. 2000); 17 U.S.C. §§ 101 *et seq.*; Fed. R. Civ. P. 4(k)(1)(A). Illinois law allows personal jurisdiction to the extent authorized by the Fourteenth Amendment's Due Process Clause, which merges the federal constitutional and state statutory inquiries together. *Tamburo*, 601 F.3d at 700. Under the Illinois long-arm statute, personal jurisdiction can be general or

specific. *uBid*, 623 F.3d at 425; 735 ILL. COMP. STAT. 5/2-209©.

General jurisdiction is a demanding standard in which a defendant can be haled into an Illinois court if they have "'continuous and systematic general business contacts'" with the state. *uBid*, 623 F.3d at 425–26 (quoting *Helicopteros Nacionales de Colombia, S.A.* v. *Hall*, 466 U.S. 408, 415–16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). Rossi is a resident of New York, who states in his affidavit that he has "no systematic business contacts with the State of Illinois." Therefore, Rossi would not be amenable to personal jurisdiction in Illinois based on general jurisdiction. Specific jurisdiction also does not appear to apply because Rossi asserts that he has "never conducted any business in the State of Illinois." *See be2 LLC* v. *Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) (no personal jurisdiction over out-of-state defendant who operated website accessible from Illinois but where there was no evidence that the defendant targeted or exploited the Illinois market).

Fortunately for Flava Works, the Illinois long-arm statute is not the only source for personal jurisdiction and venue in this case. Rossi waived his ability to challenge personal jurisdiction and venue when he consented to an enforceable forum-selection in the Agreement with Flava Works. *IFC Credit Corp.* v. *Alian Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 610 (7th Cir. 2006). To determine whether a defendant has waived his jurisdictional objections, the court must decide "(1) whether the clause in the agreement is, in fact, a forum-selection clause; and, if so (2) whether the clause is enforceable." *Macey & Aleman* v. *Simons*, No. 10 CV 6646, 2011 WL 1456762, at *2 (N.D. Ill. April 14, 2011) (internal quotation marks omitted). Forum selection clauses contain mandatory language. *Id*. at *3.

In this case, Paragraph 11.1 of the Agreement incorporates mandatory language

4

providing that "any action to enforce this Agreement shall be brought in the federal or state courts located in Chicago, Illinois or Miami, Florida." Accordingly, the court finds that Paragraph 11.1 of the Agreement is a forum selection clause. Moreover, Illinois courts "have long allowed parties to 'substitute the laws of another place or country.'" *Sarnoff* v. *Am. Home Products Corp.*, 798 F.2d 1075, 1081 (7th Cir. 1986) (quoting *McAllister* v. *Smith*, 17 Ill. 328, 333 (Ill. 1856)) *superseded on other grounds as recognized by Hart* v. *Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001); *accord Vencor, Inc.* v. *Webb*, 33 F.3d 840, 844 (7th Cir. 1994). They typically follow the Restatement (Second) of Conflict of Laws (1971) in making choice of law decisions. *E.g., Morris B. Chapman & Assoc., Ltd.* v. *Kitzman*, 739 N.E.2d 1263, 1269, 193 Ill. 2d 560, 251 Ill. Dec. 141 (Ill. 2000); *AT&T Capital Servs., Inc.* v. *Shore Fin. Servs., Inc.*, No. 09 CV 1360, 2010 WL 2649874, at \*5 (N.D. Ill. June 30, 2010) (collecting cases). Where, as here, the parties have made an express choice of law in their contract, section 187 of the Restatement applies. *Hall* v. *Sprint Spectrum L.P.*, 876 N.E.2d 1036, 1041, 376 Ill. App. 3d 822, 315 Ill. Dec. 446 (Ill. App. Ct. 2007). Restatement section 187 provides,

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
>
> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
>
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement (Second) of Conflict of Laws § 187 (1971); *see Int'l Surplus Lines Inc. Co.* v. *Pioneer Life Ins. Co. of Ill.*, 568 N.E.2d 9, 14, 209 Ill. App. 3d 144, 154 Ill. Dec. 9 (Ill. App. Ct.

1990) ("[T]he parties' choice of law governs unless (1) the chosen State has no substantial

relationship to the parties or the transaction or (2) application of the chosen law would be

contrary to a fundamental public policy of a State with a materially greater interest in the issue in

dispute.").

In this case, Illinois has a substantial relation to Flava Works, which has offices in

Illinois. Illinois also has an interest in protecting the copyright and contractual rights of Illinois

businesses. Furthermore, Rossi has cited no public policy of New York that would be impaired

should the clause be enforced. As the Seventh Circuit has recognized, "it is reasonable for a

corporation with far-flung interests to bargain for the law of its headquarters state."

*Mastrobuono* v. *Shearson Lehman Hutton, Inc.*, 20 F.3d 713, 719 (7th Cir. 1994) *rev'd on other*

*grounds*, 514 U.S. 52, 115 S. Ct. 1212, 131 L. Ed. 2d 76 (1995); *see Koch* v. *Am. Online, Inc.*,

139 F. Supp. 2d 690, 694 (D. Md. 2000) ("There is no evidence in this case that AOL chose

Virginia in bad faith or in an effort to discourage meritorious suits."); *see also* Restatement

(Second) of Conflict of Laws § 187 cmt. g. ("The parties' power to choose the applicable law is

subject to least restriction in situations where the significant contacts are so widely dispersed that

determination of the state of the applicable law without regard to the parties' choice would

present real difficulties.").

Finally, contrary to Rossi's argument, the fact that the complaint includes claims for

copyright infringement and not breach of contract does not invalidate the forum selection clause.

The Seventh Circuit has held that "a dispute over a contract does not cease to be such merely

because instead of charging breach of contract the plaintiff" alleges a different cause of action.

*Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 889 (7th Cir. 2004). "The

existence of multiple remedies for wrongs arising out of a contractual relationship does not obliterate the contractual setting, does not make the dispute any less one arising under or out of or concerning the contract, and does not point to a better forum for adjudicating the parties' disputes than the one they had selected to resolve their contractual disputes." *Id*.

When Rossi chose to become a paid member of Flava Works' websites, he agreed to abide by specific terms and conditions included in the disputed Agreement. Among other things, Rossi agreed not to copy and distribute Flava Works' copyrighted videos. If fact, had Rossi not consented to the terms of the Agreement, he would have been allowed access to the copyrighted videos and there would be no basis for the instant lawsuit. Flava Works' copyright infringement claims stem directly from Rossi's alleged violation of the Agreement and thus the forum selection clause is applicable to this case. *See Versatile Housewares & Gardening Sys., Inc. v. Thill Logistics, Inc.*, No. 09 C 846, 2009 WL 4730825 at * 5 (E.D. Wis. Dec. 7, 2009) (finding that a mandatory venue/forum selection clause applies to copyright infringement claims stemming from a contractual agreement.).

Although this venue is not convenient for Rossi and his acceptance of the forum selection clause was not subject to negotiation,[3] the court finds no basis to interfere with the contract or to invalidate the forum selection clause. Therefore, the court finds that it has personal jurisdiction

---

[3] Rossi presumably could have chosen an alternative website that did not contain such a clause. In any event, as stated in *Kinkel* v. *Cingular Wireless LLC*, 857 N.E.2d 250, 266, 223 Ill.2d 1, 26, 306 Ill. Dec. 157 (Ill. 2006),

> [Adhesion] contracts . . . are a fact of modern life. Consumers routinely sign such agreements to obtain credit cards, rental cars, land and cellular telephone service, home furnishings and appliances, loans, and other products and services. It cannot reasonably be said that all such contracts are so procedurally unconscionable as to be unenforceable.

over Rossi and that venue is proper in the Northern District of Illinois.

**ORDER**

Defendant Frank Rossi's amended motion to dismiss for lack of personal jurisdiction and improper venue [dkt. 9] is denied. Rossi is directed to answer the complaint by April 19, 2013. The parties are directed to appear for a scheduling conference on April 30, 2013 at 8:30 a.m.

Dated: March 29, 2013        Enter: _____

JOAN HUMPHREY LEFKOW
United States District Judge